## UNITED STATES v. SHERMAN DEVELOPMENT CO. et al.

### No. 2458.

District Court, S. D. West Virginia.

Sept. 7, 1934.

Okey P. Keadle, of Huntington, W. Va., and C. C. McCormick, of Washington, D. C. (C. M. Charest and W. L. Hart, both of Washington, D. C., on the brief), for the United States.

Hawthorne D. Battle, of Charleston, W. Va., for defendants.

McCLINTIC, District Judge.

This suit was instituted to recover the sum of $6,040.26, with interest thereon, from the defendant Sherman Development Company. The claim of the plaintiff arises out of an income tax assessment made by the Commissioner of Internal Revenue against the defendant Nelson Land & Oil Company for the year 1919. It was stipulated in this proceeding that the assets of the Nelson Land & Oil Company were transferred to the Sherman Development Company in the year 1926, when the Nelson Company was dissolved, and that the income tax liability, if any, of the said Nelson Land & Oil Company for the year 1919, had been assumed by the Sherman Development Company.

The facts in this case are as follows:

On April 29, 1919, the Nelson Land & Oil Company purchased five tracts of land aggregating 1,237 acres from the Boone Coal Land Company at a price of $45 per acre, or a total consideration of $55,665. The property was purchased because it was believed that it was in a rich oil field which had been recently discovered in the same territory. Of the entire purchase price of the property, the company paid for the oil and gas believed to be contained therein the sum of $35 per acre, or a total consideration of $43,295.

On May 13, 1919, the Nelson Land & Oil Company leased this property to the Carter Oil Company for the purpose of exploring for oil and gas. Upon the execution of these leases, the Nelson Company was paid therefor by the Carter Oil Company a bonus in the amount of $19,879. These leases provided for the payment to the lessor of one-eighth part of the oil produced, and 1 cent for every 1,000 cubic feet of gas sold from the property. The Nelson Company could have leased its property upon very much more favorable terms, however, it was in need of money to pay for the property, and therefore chose to execute the leases upon unfavorable terms so far as the royalty return was concerned in order to secure a substantial cash payment. The leases were for a term of five years, or so long as oil and gas should be produced from the property, with the provision, however, that the lessee could surrender the leases at any time upon the payment of $1 to the lessor. As a result of the execution of these leases, the value of the oil and gas to the Nelson Company was reduced at least 50 per cent. of the original cost thereof. In other words, this property which had cost the Nelson Company the sum of $35 per acre was, after the execution of these leases, worth not more than $17.50 per acre.

There is no showing that the bonus and expected royalties together would exceed the capital investment of the lessor remaining at the date of the leases to be recovered through depletion. On the contrary, I find as a fact that the bonus and expected royalties of the lessor would not exceed the capital investment of the lessor remaining at the date of the leases to be recovered through depletion. This the defendants proved by uncontradicted evidence.

The Carter Oil Company completed a well on this property in November, 1919. The well produced no oil and a very small amount of gas. The well showed that the property had little, if any, value for oil, for which the property had been primarily purchased. Upon the completion of this well, the interest of the Nelson Company in the oil and gas on

this property was not worth over $8 or $9 per acre.

On May 24, 1920, the Nelson Land & Oil Company filed its income tax return for the year 1919 in which it reported that the sum of $19,879 received by it from the Carter Oil Company represented the proceeds from the sale of a capital asset, the cost of which exceeded the sale price, and accordingly reported no income thereon.

On February 24, 1926, the Commissioner of Internal Revenue assessed against the Nelson Land & Oil Company the taxes in controversy in this proceeding on the ground that the said sum of $19,879, in its entirety, represented taxable income to the Nelson Company. No allowance whatsoever was made for depletion. Upon the failure of the Nelson Company to pay this tax, this suit was instituted against it and its successor, Sherman Development Company.

The issue presented herein is the question of the taxability of said payment made by the Carter Oil Company to the Nelson Land & Oil Company in the amount of $19,879.

Section 234(a) (9) of the Revenue Act of 1918 (40 Stat. 1077) provides that in computing the net income of a corporation there shall be allowed as deductions in case of oil and gas wells a reasonable allowance for depletion.

In article 215, Treasury Regulations 45, it is provided: "Where a lessor receives a bonus or other sum in addition to royalties, such bonus or other sum shall be regarded as a return of capital to the lessor, but only to the extent of the capital remaining to be recovered through depletion by the lessor at the date of the lease. If the bonus exceeds the capital remaining to be recovered, the excess and all the royalties thereafter received, shall be income, and not depletable. If the bonus is less than the capital remaining to be recovered by the lessor through depletion, the difference may be recovered through depletion deductions based on the royalties thereafter received."

In the case of Murphy Oil Company v. Burnet, 287 U. S. 299, 53 S. Ct. 161, 77 L. Ed. 318, a bonus payment similar to that made to the Nelson Land & Oil Company was treated, in its entirety, as a return of capital. The third syllabus of this case is: "The 'reasonable allowance for depletion' of oil and gas producing property which an income tax law permits to be deducted from gross income is afforded by treating the bonus received by the lessor under an oil and gas lease as a return of capital and deducting from the depletion allowance on royalties the proportion of the capital investment already returned by the bonus, in the absence of a showing that the bonus and expected royalties together will exceed the capital investment of the lessor remaining at the date of the lease to be recovered through depletion."

The court in this case, through Stone, J., said: "The regulation (i. e. article 215, Regulations 45, supra) does not require him (Commissioner) to make estimates which are unreasonable, for where none can be made with reasonable accuracy the Commissioner cannot find that 'the sum of the bonus and royalties expected to be received' exceeds the capital investment. In that event, the whole of the bonus will be treated, as in this case, as a return of capital."

In the instant case, the Commissioner made no estimate of the probable royalties which would accrue to the Nelson Company; hence we can only assume that none could be made with reasonable accuracy. Accordingly under the language of the Murphy Case, the whole of the bonus should be treated as a return of capital.

The evidence introduced in this proceeding was entirely different from that introduced in the case of Appeal of Nelson Land & Oil Company, 3 B. T. A. 315; so also were the parties different. It seems to me that it is immaterial whether or not the leases made by the Nelson Land & Oil Company to the Carter Oil Company constituted a conveyance of the oil and gas or merely gave the Carter Oil Company a contractual interest in the property. However, it is clear that the discovery of oil or gas in this property in November, 1919, within the taxable year, vested an estate in the lessee. Upon such discovery, title to the oil and gas became vested in the lessee. Lowther Oil Co. v. Miller-Sibley Oil Co., 53 W. Va. 501, 44 S. E. 433, 97 Am. St. Rep. 1027; McCutcheon v. Enon Oil, etc., Co., 102 W. Va. 345, 135 S. E. 238; Huggins v. Daley (C. C. A. 4) 99 F. 606, 48 L. R. A. 320.

As heretofore stated, the oil and gas rights in this property, purchased after March 1, 1913, cost the Nelson Land & Oil Company the sum of $43,295. At least one-half of the interest of the Nelson Company in these mineral rights was disposed of to the Carter Oil Company at a price of $19,879. I am of the opinion that the payment made by the Carter Oil Company to the Nelson Company was not income to the latter com-

pany, but was a return of capital upon which no profit was realized by the taxpayer.

I am therefore of the opinion that no tax is due the plaintiff from either of the defendants for the year 1919. A decree may be prepared in accordance with this opinion.